

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# USA v. Boyd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1966

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Boyd" (2006). *2006 Decisions*. Paper 1401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1966

———————

UNITED STATES OF AMERICA

v.

JESSE BOYD,
a/k/a Jet,

Jesse Boyd,

<u>Appellant</u>

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 03-00227)
Honorable James M. Munley, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
March 6, 2006

BEFORE: ROTH and GREENBERG, <u>Circuit</u> <u>Judges</u>, and
BUCKWALTER, <u>District</u> <u>Judge</u>*

(Filed March 22, 2006)

———————

OPINION OF THE COURT

———————

———————

*Honorable Ronald L. Buckwalter, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

GREENBERG, Circuit Judge.

Jesse Boyd appeals from a judgment of conviction and sentence entered on March 22, 2005, on his plea of guilty to a single-count indictment charging him with distribution and possession with intent to distribute cocaine contrary to 21 U.S.C. § 841(a)(1). The court calculated his total offense level as 31 which, with his criminal history of VI, yielded a sentencing range of 188 to 235 months. The court sentenced Boyd to a custodial term of 188 months to be followed by a three-year term of supervised release. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). See United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006). On this appeal Boyd raises the following issues:

A. Whether the District Court, post [United States v. Booker, 543 U.S. 220, 125 S.Ct. 739 (2005)], erred during [his] sentencing hearing by requiring all facts used to enhance [his] sentence be proved by a preponderance of the evidence, rather than beyond a reasonable doubt.

B. Whether the District Court erred during [his] sentencing hearing by not applying at least a clear and convincing evidence standard to the fact-finding underlying any enhancement when making a considerable upward guideline departure.

C. Whether the District Court erred during [his] sentencing hearing, when evaluating the admissibility of hearsay statements that involved drug quantity, by not applying a heightened standard of admissibility and where the Court did not 'rigorously apply' the sufficient indicia of reliability standard.

1. Whether the present case involves 'the tail wagging the dog' requiring a higher standard of proof regarding drug

2

quantity.

        2. Whether the pre-sentence report and the District Court erroneously attributed drug amounts to [him] by relying on evidence that did not meet the 'rigorously' applied sufficient indicia of reliability standard.

D.      Whether the District Court erred during [his] sentencing hearing by precluding [him] from inquiring into the identity of a confidential informant, and whether or not the informant was a drug-addict, even though the informant provided critical information on drug quantity upon which the Court ultimately relied to enhance [his] sentence.

E.      Whether the District Court erred during [his] sentencing hearing by admitting [his] statements made during a change of plea hearing where [his] guilty plea was subsequently withdrawn by the Court over [his] explicit objection at the time of [his] initial sentencing hearing.

F.      Whether the District Court erred during [his] sentencing hearing by determining [his] Criminal History Category as VI rather than V.

G.      Whether the District Court erred, during [his] sentencing hearing in that the Court did not conduct a 'full hearing' on all controverted sentencing issues.

H.      Whether the District Court erred under the advisory guidelines when the Court imposed a sentence that is patently unreasonable under the circumstances.

Br. at 2-3. After our review of this matter, we reject Boyd's contentions without extended discussion as we are satisfied that they are without merit. We nevertheless comment on certain of them.

To start with we reject Boyd's first two contentions with respect to the standard of proof as we have held that the preponderance of the evidence standard is applicable when

a court makes findings of fact for purposes of sentencing. See Cooper, 437 F.3d at 330; United States v. Miller, 417 F.3d 358, 363 (3d Cir. 2005). Accordingly, to the extent that United States v. Siegelbaum, 359 F. Supp.2d 1104 (D. Or. 2005), which Boyd cites, supports his argument, we will not follow that case.

Next we consider but reject Boyd's contention that the court erred when evaluating the admissibility of hearsay statements with respect to drug quantity because the court relied in part on unreliable hearsay evidence. In reaching this conclusion we see no reason to believe that the evidence was unreliable. Moreover, as we noted in United States v. Brothers, 75 F.3d 845, 848 (3d Cir. 1996), a case we decided before Booker and thus at a time that the guidelines were mandatory, "[t]he use of hearsay in making findings for purposes of Guidelines sentencing violates neither the Sentencing Reform Act of 1984 nor the Due Process Clause." It seems to us that now that the guidelines are advisory rather than mandatory, a district court should have, if anything, more rather than less flexibility in finding facts and considering hearsay for sentencing purposes.

Finally we reject Boyd's contention that the sentence imposed was "patently unreasonable." In this regard we point out that the court sentenced Boyd at the bottom of the guideline range. While we do not suggest that that circumstance insulates the sentence from a contention that it was unreasonable, still "it is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be unreasonable." Cooper, 437 F.3d at 331; see also United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005).

4

The judgment of conviction and sentence entered March 22, 2005, will be affirmed.